UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

CASE NO.: 6:25-cv-335

STEEL CITY ENTERPRISES, INC.,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
    _____/

## COMPLAINT

    Plaintiff STEEL CITY ENTERPRISES, INC. ("Steel City" or "Plaintiff"), by and through undersigned counsel, hereby sues Defendants, the Individuals, Partnerships, and Unincorporated Associations identified in the caption, which are set forth on Schedule "A" hereto (collectively, the "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

    1.    Defendants are promoting, selling, using, offering for sale, and distributing goods using confusingly similar imitations of Steel City's intellectual property within this district through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under the seller identification names set forth on Schedule "A" hereto (the "Seller IDs").[1]

    2.    Plaintiff suffers ongoing daily and sustained violations of its intellectual property rights at the hands of infringers, such as Defendants herein, who wrongfully reproduce Plaintiff's intellectual property for the twin purposes of (i) duping and confusing the consuming public and

---

[1] Plaintiff will be separately moving to file Schedule "A" under seal.

1

(ii) earning substantial profits. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the value associated with Plaintiff's intellectual property, as well as the destruction of the legitimate market sector in which it operates.

3. In order to combat the indivisible harm caused by the combined actions of Defendants and others engaging in similar conduct, Plaintiff has expended significant amounts of resources in connection with patent enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement. The exponential growth of infringing conduct over the Internet, particularly through online marketplace platforms, has created an environment that requires companies, such as Plaintiff, to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and itself from the negative effects of unlawful infringement, confusion, and the erosion of the value connected to Plaintiff's intellectual property rights.

**JURISDICTION AND VENUE**

4. This is an action seeking damages and injunctive relief for willful patent infringement under 35 U.S.C. § 271.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Defendants are subject to personal jurisdiction in this District because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Texas and this District through at least the Internet based e-commerce stores and fully interactive commercial Internet websites accessible in Texas and operating under the Seller IDs.

7. Upon information and belief, Defendants infringe Plaintiff's intellectual property

rights in this District by advertising, using, selling, offering to sell, and distributing products infringing Plaintiff's patented invention through such Internet based e-commerce stores and fully interactive commercial Internet websites.

8. Venue is proper in this District pursuant 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens engaged in infringing activities and causing harm within this District by advertising, offering to sell, selling and/or shipping infringing products into this District. Venue is also proper in this Court pursuant to 28 U.S.C. § 1400(b).

## THE PLAINTIFF

9. Plaintiff Steel City, Inc. is a corporation organized under the laws of Pennsylvania, with its principal place of business located at 9 Maple Lane, Pittsburgh, PA 15202.

10. Steel City sells products that embody the patents identified herein under its "Jug Plug" line of products. The Jug Plug products are available on Steel City's website, www.jugplug.com, and the Amazon marketplace.

## THE DEFENDANTS

11. Defendants are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions, or redistribute products from the same or similar sources in those locations and/or ship their goods from the same or similar sources in those locations to shipping and fulfillment centers within the United States to redistribute their products from those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants target their business activities towards consumers throughout the United States, including within this district through the operation of Internet based e-commerce stores via Internet marketplace websites under the Seller IDs.

12. Defendants are the past and present controlling forces behind the sale of products under infringements of Plaintiff's design patents as described herein using at least the Seller IDs.

13. Upon information and belief, Defendants directly engage in infringing conduct by advertising, offering for sale, and selling goods infringing one or more of Plaintiff's design patents within the United States and this District through Internet based e- commerce stores using, at least, the Seller IDs and additional seller identification aliases and domain names not yet known to Plaintiff. Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of Texas through the advertisement, offer to sell, sale, and/or shipment of infringing goods into the State.

14. Defendants have registered, established, or purchased and maintained their Seller IDs. Upon information and belief, Defendants may have engaged in fraudulent conduct with respect to the registration of the Seller IDs.

15. Upon information and belief, some Defendants have registered and/or maintained their Seller IDs for the sole purpose of engaging in illegal infringing activities.

16. Upon information and belief, Defendants will continue to register or acquire new seller identification aliases and domain names for the purpose of selling and offering for sale goods infringing Plaintiff's design patents.

17. Defendants use their Internet-based businesses in order to infringe the intellectual property rights of Plaintiff.

18. Defendants' business names, *i.e.*, the Seller IDs, associated payment accounts, and any other alias seller identification names used in connection with the sale of goods infringing Plaintiff's design patents are essential components of Defendants' online activities and are one of the means by which Defendants further their infringement scheme and cause harm to Plaintiff.

Moreover, Defendants are using Plaintiff's patented designs to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Plaintiff's legitimate marketplace and intellectual property rights at Plaintiff's expense.

## GENERAL FACTUAL ALLEGATIONS

### *Steel City's Intellectual Property Rights*

19. Steel City is the owner of U.S. Design Patent No. D977,973 ("the '973 Patent"), a copy of which is attached hereto as **Exhibit 1**, for the following ornamental design of a container plug:



20. Steel City is the owner of U.S. Design Patent No. D979,404 ("the '404 Patent"), a copy of which is attached hereto as **Exhibit 2**, for the following ornamental design of a container plug:



21. Steel City is the owner of U.S. Design Patent No. D1,055,627 ("the '627 Patent"), a copy of which is attached hereto as **Exhibit 3**, for the following ornamental design of a container plug:



22. The '973 Patent, '404 Patent, and '627 Patent are collectively referred to herein as the "Steel City Design Patents".

23. The Steel City Design Patents are used in connection with the design, marketing, and distribution of high-quality goods, including container plugs.

24. Steel City is engaged in the design, marketing, and distribution in interstate commerce, including within this judicial district, of high-quality products which incorporate the Steel City Design Patents.

25. Genuine Steel City products are marketed and sold throughout the United States, via its website and on Amazon. During the time that Steel City has sold its products in interstate commerce, Steel City has spent considerable investment to extensively advertise and promote its goods in connection with the Steel City Design Patents.

26. Steel City has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the Steel City Design Patents in the United States and throughout the world, and has used the Steel City Design Patents in connection with the Steel

City's high quality goods, including container plugs.

27. As a result of the foregoing, the goods sold under the "Jug Plug" mark have come to symbolize the enormous goodwill associated with Steel City's products throughout the United States and the world.

28. The Steel City Design Patents have never been licensed or assigned, and Steel City actively polices and enforces its patents.

29. The Steel City Design Patents are vital to Steel City's business, as these rights uphold the image and reputation of the company as offering products of outstanding quality, design, and performance. Steel City suffers irreparable harm, as well as a direct monetary loss, any time third parties, including Defendants, sell infringing goods using identical or substantially similar designs.

*Defendants' Counterfeiting and Infringing Conduct*

30. Upon information and belief, Defendants are promoting and advertising, distributing, selling, and/or offering for sale infringing goods in interstate commerce using exact copies and confusingly similar embodiments of the Steel City Design Patents through at least the Internet based e-commerce stores operating under the Seller IDs (collectively, the "Infringing Goods"). A side-by-side comparison of the asserted Steel City Design Patents with a screenshot of each Defendant's Infringing Good is attached hereto as **Exhibit 4**.

31. Upon information and belief, Defendants' Infringing Goods are of a quality substantially and materially different than that of Plaintiff's genuine goods. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Infringing Goods with the knowledge and intent that such goods will be mistaken for the genuine high quality goods offered for sale by

7

Plaintiff which infringe the Steel City Design Patents despite Defendants' knowledge that they are without authority to use the Steel City Design Patents.

32. Defendants advertise their Infringing Goods for sale to the consuming public via e-commerce stores on Internet marketplace websites using at least the Seller IDs. In so advertising these goods, Defendants improperly and unlawfully infringe one or more of the Steel City Design Patents without Plaintiff's permission.

33. As part of their overall infringement scheme, Defendants are, upon information and belief, employing and benefitting from substantially similar, advertising and marketing strategies based, in large measure, upon an illegal use of infringements of the Steel City Design Patents. Specifically, Defendants are using infringements of Plaintiff's Steel City Design Patents in order to make their e-commerce stores and websites selling illegal goods appear more relevant, authentic, and attractive to consumers searching for Plaintiff's related goods and information online. By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Plaintiff's genuine goods. Defendants are causing individual, concurrent and indivisible harm to Plaintiff and the consuming public by (i) depriving Plaintiff and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Plaintiff's genuine goods on the World Wide Web, (ii) causing an overall degradation of the genuine products associated with the Steel City Design Patents, and/or (iii) increasing Plaintiff's overall cost to market the Steel City Design Patents and educate consumers about its brand via the Internet.

34. Upon information and belief, Defendants are concurrently targeting their infringing activities toward consumers and causing harm within this District and elsewhere

throughout the United States. As a result, Defendants are defrauding Plaintiff and the consuming public for Defendants' own benefit.

35. Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Plaintiff's ownership of the Steel City Design Patents, including its exclusive right to use and license such intellectual property.

36. Defendants' infringement of the Steel City Design Patents, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Infringing Goods, is without Plaintiff's consent or authorization.

37. Defendants are engaging in the above-described illegal infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights. If Defendants' intentional infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

38. Upon information and belief, Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' infringing and unfairly competitive activities connected to their Seller IDs and any other alias seller identification names being used and/or controlled by them.

39. Further, upon information and belief, Defendants are likely to transfer or conceal their assets to avoid payment of any monetary judgment awarded to Plaintiff.

40. Plaintiff has no adequate remedy at law.

41. Plaintiff is suffering irreparable injury and has suffered substantial damages as a result of Defendants' unauthorized and wrongful infringement of the Steel City Design Patents.

42. The harm and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful use, advertisement, promotion, offers to sell, and sale of their

Infringing Goods.

## COUNT I – INFRINGEMENT OF THE '973 PATENT
*(As to Defendants Identified as
Defendant Nos. 1-17, 19-24, 26-34, 36-46, 48-50, and 52-64 on Schedule A)*

43.     Plaintiff incorporates the allegations of paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44.     Plaintiff is the owner of all rights in and to the '973 Patent.

45.     Defendants have infringed and continue to infringe the '973 Patent either directly or indirectly through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by making, using, selling, importing and/or offering to sell infringing products, namely the Infringing Goods.

46.     Defendants' infringement, contributory infringement and/or inducement to infringe has injured Plaintiff and it, therefore, is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

47.     Defendants' infringement, contributory infringement and/or inducement to infringe has been willful and deliberate because Defendants have notice of or knew of the '973 Patent and have nonetheless injured and will continue to injure Plaintiff, unless and until this Court enters an injunction, which prohibits further infringement and specifically enjoins further manufacture, use, sale, importation and/or offer for sale of products that come within the scope of the '973 Patent.

## COUNT II – INFRINGEMENT OF THE '404 PATENT
*(As to Defendants Identified as Defendant Nos. 18, 25, 47, and 51 on Schedule A)*

48.     Plaintiff incorporates the allegations of paragraphs 1 through 42 of this Complaint as if fully set forth herein.

49.     Plaintiff is the owner of all rights in and to the '404 Patent.

50. Defendants have infringed and continue to infringe the '404 Patent either directly or indirectly through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by making, using, selling, importing and/or offering to sell infringing products, namely the Infringing Goods.

51. Defendants' infringement, contributory infringement and/or inducement to infringe has injured Plaintiff and it, therefore, is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

52. Defendants' infringement, contributory infringement and/or inducement to infringe has been willful and deliberate because Defendants have notice of or knew of the '404 Patent and have nonetheless injured and will continue to injure Plaintiff, unless and until this Court enters an injunction, which prohibits further infringement and specifically enjoins further manufacture, use, sale, importation and/or offer for sale of products that come within the scope of the '973 Patent.

### COUNT III – INFRINGEMENT OF THE '627 PATENT
*(As to Defendant Identified as Defendant No. 35 on Schedule A)*

53. Plaintiff incorporates the allegations of paragraphs 1 through 42 of this Complaint as if fully set forth herein.

54. Plaintiff is the owner of all rights in and to the '627 Patent.

55. Defendants have infringed and continue to infringe the '627 Patent either directly or indirectly through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by making, using, selling, importing and/or offering to sell infringing products, namely the Infringing Goods.

56. Defendants' infringement, contributory infringement and/or inducement to infringe has injured Plaintiff and it, therefore, is entitled to recover damages adequate to compensate it for

such infringement, but in no event less than a reasonable royalty.

57. Defendants' infringement, contributory infringement and/or inducement to infringe has been willful and deliberate because Defendants have notice of or knew of the '627 Patent and have nonetheless injured and will continue to injure Plaintiff, unless and until this Court enters an injunction, which prohibits further infringement and specifically enjoins further manufacture, use, sale, importation and/or offer for sale of products that come within the scope of the '627 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

A. Entry of temporary, preliminary, and permanent injunctions pursuant to 35 U.S.C. § 283 and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Infringing Goods; and from otherwise unfairly competing with Plaintiff.

B. Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that, upon Plaintiff's request, the applicable governing Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by the Court disable and/or cease facilitating access to the Seller IDs, associated ecommerce stores and websites, and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling the Infringing Goods.

C. Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by the Court, identify any e-mail address known to be associated with Defendants' respective Seller ID.

D. Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by the Court permanently remove any and all listings and associated images of the Infringing Goods via the e-commerce stores operating under the Seller IDs, and upon Plaintiff's request, any other listings and images of the Infringing Goods associated with and/or linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants to promote, offer for sale and/or sell the Infringing Goods.

E. Entry of an order requiring Defendants to account to and pay Plaintiff for all profits and damages resulting from Defendants' infringing and unfairly competitive activities and that the award to Plaintiff be trebled, as provided for under 35 U.S.C. § 289.

F. Entry of an Order requiring Defendant to account to and pay Plaintiff damages for patent infringement in an amount to be determined by the Court pursuant to 35 U.S.C. § 284 which shall in no event be less than a reasonable royalty.

G. Entry of an order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in

connection with the Seller IDs or other alias seller identification or e-commerce store names, domain names and/or websites used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

  H. Entry of an award pursuant to 35 U.S.C. § 285 of Plaintiff's costs and reasonable attorneys' fees.

  I. Entry of an order requiring Defendants to pay prejudgment interest according to law.

  J. Entry of an order for such other and further relief as the Court may deem proper and just.

Date: August 1, 2025     Respectfully submitted by,

            **A. Robert Weaver**
            Arthur Robert Weaver (Fla. Bar No. 92132)
            Attorney Email address: rweaver@brickellip.com
            THE BRICKELL IP GROUP, PLLC
            1101 Brickell Avenue, South Tower, Suite 800
            Miami FL, 33131
            Telephone: (305) 728-8831
            *Attorneys for Plaintiff*